UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BOLES,

        Petitioner,

                                                    Case Number 12-11711
v.                                                    Honorable David M. Lawson

KEN ROMANOWSKI,

        Respondent.

_____/

## **OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Anthony Boles, a Michigan prisoner, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his convictions for two counts of larceny in a building, Mich. Comp. Laws § 750.360, are unconstitutional. He says his Sixth Amendment rights were violated because he was denied the assistance of competent counsel, and his Fifth Amendment rights were violated because he was questioned by police without first being given the warnings required by *Miranda v. Arizona*. The respondent has filed an answer to the petition contending that it should be denied. Because the petitioner's trial attorney performed competently, and no evidence was introduced at trial that offended the Fifth Amendment, the petition will be denied.

I.

The petitioner committed larcenies at businesses in Saginaw County, Michigan in 2008. The Michigan Court of Appeals summarized the facts of the case on direct appeal as follows:

> On September 9, 2008, Jennie Sumner, a surgical assistant for two oral surgeons, saw a male walk out of the surgeons' interior office and leave the building through a back door. The man drove away in a "black older style Lincoln, Cadillac type" vehicle. After the man left, it was discovered that $300 from an employee's purse, a laptop, and a cellular telephone were missing.

> On September 13, 2008, Ellen Haelein, an employee of Angela's flowers, heard the store's delivery door open. After she heard the delivery door "close again," Haelein walked to the back room. She did not see anybody, but she noticed that her purse was gone. The contents of her purse included a digital camera, eyeglasses, and $180. That same day, Michael Westendorf, an employee of Barewood Furniture, and Kim Gregory, owner of Spartan Pools, encountered a man in a backroom of the respective businesses. The man drove away from Barewood Furniture and Spartan Pools in a black Cadillac.
>
> A police officer observed a 1995 Cadillac at a party store near Spartan Pools; the driver of the vehicle was defendant. Haelein's digital camera and eyeglasses were found in the Cadillac, and Haelein's purse was found in a nearby dumpster. In addition, the tread of the shoes defendant was wearing matched shoeprints left at Spartan Pools. Defendant was driven to Spartan pools for "identification or elimination." Gregory identified defendant as the man he saw in the store's backroom.

*People v. Boles*, No. 296684, 2011 WL 2555363, at *1 (Mich. Ct. App. June 28, 2011).

The petitioner was charged by Saginaw County, Michigan authorities with two counts of larceny in a building and one count of conducting a criminal enterprise. It appears that one item of evidence offered to establish the criminal enterprise was the petitioner's conviction of breaking and entering the Wakeman Funeral Home in 2006. The petitioner had pleaded no contest to that crime. There is no evidence that the 2006 burglary was related to the 2008 crimes.

A jury convicted the petitioner of those three counts. On direct appeal, however, the court vacated the criminal enterprise conviction, finding insufficient evidence. In addition, the petitioner presented the same claims found in the present habeas petition. The Michigan Court of Appeals affirmed the two convictions of larceny in a building. *People v. Boles*, 2011 WL 2555363. The petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims presented here. The court denied leave to appeal, but remanded for resentencing on the larceny in a building convictions. *People v. Boles*, 490 Mich. 913, 805 N.W.2d 434 (2011). On remand, the trial court resentenced the petitioner as a fourth habitual offender to concurrent terms

of 3 years 10 months to 15 years imprisonment. The Michigan Court of Appeals affirmed those sentences. *People v. Boles*, No. 309564, 2013 WL 331659 (Mich. Ct. App. Jan. 29, 2013).

The petitioner timely filed his federal habeas petition. As noted, he raises claims concerning the effectiveness of trial counsel and his privilege against self-incrimination and *Miranda* rights. The respondent opposes the petition contending that the claims lack merit and do not warrant federal habeas relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Boles filed his petition after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal

-3-

court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner first argues that his trial counsel was ineffective by failing to argue that the petitioner's prior conviction for the 2006 breaking and entering of the Wakeman Funeral Home was

"not part of anything that happened in 2008" and by failing to challenge Brian Wakeman's in-court identification of him as the burglar. Boles contends that the identification was unfairly suggestive because the police told Wakeman that the suspect fit his description of the perpetrator. The petitioner pleaded no contest in the 2006 breaking and entering case. Wakeman's testimony was submitted in the 2008 case as evidence to support the criminal enterprise charge.

To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

It does not appear that the petitioner properly raised and exhausted the argument that his trial lawyer failed to argue that the 2006 Wakeman Funeral Home incident was not part of what happened in 2008. The Court, however, may deny relief on an unexhausted claim when the claim lacks merit. 28 U.S.C. § 2254(e). Such is the case here, because the record shows that trial counsel made the very argument that the petitioner says he should have made. Trial counsel did argue that the 2006 Wakeman funeral home incident was unrelated to the 2008 larcenies. *See* Trial Tr. at 22 (Dec. 4, 2009). The petitioner has not shown deficient performance on that score.

The Michigan Court of Appeals rejected the argument that trial counsel improperly failed to challenge Brian Wakeman's in-court identification of him as the perpetrator of the 2006 breaking and entering. The court explained:

> Because no [post-conviction] hearing has been held on defendant's ineffective assistance claim, our review is limited to mistakes apparent on the record. Here,

>   defendant relies on the transcript of the hearing on his motion to suppress identification in the 2006 case concerning the breaking and entering of the Wakeman Funeral Home. The transcript is not a part of the record in this case and, therefore, cannot be considered. There is nothing in the record to suggest that counsel's failure to object to Wakeman's identification of defendant at trial fell below an objective standard of reasonableness.

*People v. Boles*, 2011 WL 2555363, at *2 (citations omitted). The court also held that the petitioner did not "establish that there is a reasonable probability that, absent Wakeman's identification of him, the result of his trial would have been different." *Id.* at *2 n.2.

Because of the high deference accorded state court determinations by AEDPA, establishing that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the Sixth Amendment, is difficult. The Supreme Court explained in *Richter* that

>   "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
>   Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Ibid.* Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105.

In other words, on habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland*

standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Ibid*. (citing *Alvarado*, 541 U.S. at 664).

The petitioner has not shown that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent. In fact, the record suggests otherwise. It shows that a suppression motion concerning Wakeman's identification was filed in the 2006 case and was unsuccessful. Even if counsel had investigated the 2006 proceedings further, he likely and reasonably could have decided not to seek suppression of Wakeman's in-court identification because such a motion would have been futile. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Moreover, the record indicates that Wakeman's testimony was relevant to the criminal enterprise charge and did not concern the larceny in a building charges. The Michigan Court of Appeals vacated the criminal enterprise conviction and sentence. More to the point, the prosecution presented significant evidence to support the larceny in the building convictions: stolen items recovered from the petitioner's car and his person, his matching shoe prints, and his identification by the owner of Spartan Pools. The petitioner cannot show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. And he cannot establish that the Michigan Court of Appeals unreasonably concluded that he was not prejudiced by counsel's conduct.

Habeas relief is not warranted on this claim.

B.

The petitioner next asserts that he is entitled to habeas relief because his privilege against self-incrimination and his *Miranda* rights were violated when he was subject to interrogation in the police car without being advised of his *Miranda* rights and when the police compared his shoes to shoe prints left at Spartan Pools. The Michigan Court of Appeals easily dispatched that argument on the ground that the petitioner "fail[ed] to identify any statements made by him that were used against him." *People v. Boles*, 2011 WL 2555363, at *4. It also found that the comparison of the shoe prints did not implicate the Fifth Amendment. *Ibid.*

The Fifth Amendment, applicable to the states by the Fourteenth Amendment, protects an accused against compulsory self-incrimination. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that the prohibition against compelled self-incrimination requires a custodial interrogation to be preceded by advice that the accused has the right to remain silent, that any statement may be used against him, and that he has the right to retained or appointed counsel. *Id*. at 479. *Miranda* warnings are required when a suspect is in custody and subject to interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980). Interrogation means express questioning or its "functional equivalent," which is defined as "any words or actions on the part of the police (other than those normally attendant to arrest or custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id*. at 300-01. Statements made during custodial interrogation without the benefit of *Miranda* warnings are inadmissible in court. *Dickerson v. United States*, 530 U.S. 428 (2000).

The Michigan Court of Appeals acknowledged all this, but found that it was beside the point, because the facts of this case did not call any of these principles into question. The state court's

decision is neither contrary to nor an unreasonable application of Supreme Court precedent. First, although it appears that the police officer who pulled him over did not give him *Miranda* warnings at the time of the traffic stop, the Supreme Court has made clear that the "mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule." *United States v. Patane*, 542 U.S. 630, 641 (2004) (citing cases). Rather, "[p]otential violations occur, if at all, only upon the admission of unwarned statements into evidence at trial." *Ibid.* Consequently, the lack of *Miranda* warnings, standing alone, does not establish a constitutional violation justifying federal habeas relief.

Second, the record shows that the police officer testified about two statements the petitioner made during the traffic stop: one when the petitioner was seated in his own car, and one made when the petitioner was seated in the back of the police car. While the petitioner was still seated in his car, the police officer asked him where he had been and where he was going. The petitioner responded that he had dropped off a friend at the mall and was heading home. While the petitioner was seated in the back of the police car, the officer asked him his name, asked for and obtained his identification from the car (with permission), and questioned him about his driver's permit. The petitioner provided his name and admitted that he did not have his full license, that he was supposed to drive with a licensed driver, and that he had not taken his road test.

The petitioner was not "in custody" when he made the first statement. A person detained for a traffic stop or an investigatory stop is not "in custody" for the purpose of *Miranda*. *Berkemer v. McCarty*, 468 U.S. 420, 439-40 (1984). An officer's questions about a suspect's identity and travel plans are reasonable and permissible during such a stop. *United States v. Hill*, 195 F.3d 258, 268 (6th Cir. 1999). Therefore, no Fifth Amendment or *Miranda* violation occurred.

It could be argued that the petitioner was in custody and did not feel free to leave while in the back of the police car, where he made the second statement. It also could be said that the petitioner was still subject to a routine stop and questions about his identity and driver's license were permissible as part of the stop. The Court, however, need not resolve this issue. Even assuming that the trial court erred in admitting one or both of the petitioner's statements, no harm occurred to the petitioner's case.

On federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in this circuit). In this case, any error in admitting the petitioner's statements to the police officer did not have a substantial and injurious effect or influence on the jury's verdict because none of those statements were incriminating as to the charged offenses. Rather, they concerned the petitioner's travel plans, his identification, and his driving eligibility. None of those issues were pertinent to the larceny in a building charges (or the criminal enterprise charge) at trial.

Lastly, comparing the shoe prints did not abridge the Fifth Amendment or the *Miranda* rule. It is well-established that the Fifth Amendment's privilege against self-incrimination and *Miranda* rights only apply to communications and testimonial compulsion, not to physical, demonstrative, or real evidence. *See United States v. Patane*, 542 U.S. 630, 634, 637-38 (2004) (non-testimonial evidence, *i.e.* physical evidence, obtained as a result of incriminating statements made in violation of *Miranda* are admissible as long as the statements were voluntary and not the result of coercion);

*Schmerber v. California*, 384 U.S. 757, 761, 764-65 (1966) (the Fifth Amendment and *Miranda* apply to communications and testimony, whereas the Fourth Amendment applies to physical evidence); *Wilson v. Collins*, 517 F.3d 421, 431 (6th Cir. 2008) (physical evidence "falls outside the scope of Fifth Amendment protection"); *United States v. Williams*, 704 F.2d 315, 317 (6th Cir. 1983) (Fifth Amendment protections apply to testimony, not physical or demonstrative evidence). Therefore, habeas relief is not warranted on this claim.

### III.

For the reasons stated, the Court finds that the petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: July 20, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2015.

                                s/Susan Pinkowski
                                SUSAN PINKOWSKI